Codell Blease THOMAS and Elizabeth F. Thomas, Appellants,

v.

GENERAL ELECTRIC CREDIT CORPORATION, Appellee.

No. 84–2367.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 4, 1985.

Decided Jan. 2, 1986.

Brenda Reddix-Smalls, Carolina Regional Legal Services, Florence, S.C., for appellants.

E.N. Zeigler, Florence, S.C., for appellee.

Before RUSSELL and WIDENER, Circuit Judges and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.

DONALD RUSSELL, Circuit Judge:

Plaintiffs/appellants Codell Blease Thomas and Elizabeth F. Thomas appeal from the district court's entry of summary judgment in favor of defendant-appellee General Electric Credit Corporation (GECC). The Thomases sought declaratory relief, injunctive relief, and damages for alleged violations of the Truth-in-Lending Act, 15 U.S.C. §§ 1601–1693, and Regulation Z thereunder, 12 C.F.R. § 226.1 et seq. Appellants also alleged pendent claims. GECC pled *res judicata*, basing such plea on a prior judgment in an action between the parties in the State Court. An explication of the proceedings in the prior State action is necessary for an understanding of GECC's defense.

Prior to the filing of this federal action, the defendant GECC had filed in State Court an action to recover of the Thomases on a "Consumer Credit Contract" executed by them. The payment of the obligation by the Thomases was secured by a lien or pledge of a mobile home and certain household goods, and by an alleged real estate mortgage. To that State action, the Thomases, as the defendants in the State action, filed an answer and counterclaim in which they set up both as an affirmative defense and as a counterclaim the invalidity, under the federal Truth-in-Lending Act, of the "Consumer Credit Installment Contract." They also alleged that the real estate mortgage sued on was a forgery. The cause was referred to a Referee "for the purpose of taking the testimony and reporting [his] findings of fact and conclusions of law, with leave to report any special matters." The Referee heard the case and filed his report. In that Report he held: "The testimony is bare of any facts that would show any violation of the truth in lending act, 15 U.S.C.A. section 1601 and Regulation Z...." He also found the security agreement to be "a valid negotiable instrument and a valid security interest in the mobile home and its contents." However, he held the real estate mortgage had not been executed by the Thomases (plaintiffs in the federal action) and he recommended that "the real estate mortgage [be held] not enforceable" ... the demands in the defendants' Counterclaim be denied ... that the mobile home and personal property covered by the security in interest be "sold according to law and the custom of this Court" and that the plaintiff GECC have judgment against the defendants. The defendants (plaintiffs here) did not except to the finding that there was no evidence of a violation of the Truth-in-Lending Act by the defendant GECC. The Report was duly confirmed and judgment entered and enforced.

Later, these plaintiffs filed in the State Court a motion to vacate the judgment theretofore entered in the State action against them under Section 15–27–130 Code of Laws of South Carolina (1976). The basis of their motion was "extrinsic fraud" on the part of GECC. The motion was heard before the Honorable J. Woodrow Lewis, retired Chief Justice of the Supreme Court of South Carolina, sitting as a special judge. Judge Lewis heard the testimony which amounted in large part, if not wholly, to a claimed violation of the federal Truth-in-Lending Act and a claim of perjury in the testimony during the trial of the state action asserting a violation of the Act. Judge Lewis denied the motion, stating the reasons for his decision in a formal order, grounds being that the plaintiffs' claim if true, would have been "intrinsic fraud, not extrinsic fraud," but finding no basis in the record for a finding of fraud of any kind. If the testimony had been considered, he found such evidence would have been irrelevant to the decision. Though they noticed an appeal from Judge Lewis' decree, the plaintiffs never perfected their appeal and the appeal was duly dismissed.

We have reviewed in detail the proceedings in the State Court because the plaintiffs contended in argument they had never been accorded their day in the State Court on either their Truth-in-Lending claim or

their motion to vacate judgment for alleged "extrinsic fraud." The record is conclusive against both contentions. The defense of *res judicata*, as asserted by GECC, was thus amply demonstrated by the undisputed record and the district court properly dismissed the action on that ground. Accordingly, the judgment of the district court is

AFFIRMED.